NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 30, 2008[*]
Decided November 4, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-2321

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 02-CR-10144 |
| TIM BAILEY, *Defendant-Appellant.* | Joe Billy McDade, *Judge.* |

**O R D E R**

---

[*]  After examining the briefs and record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

Tim Bailey is serving concurrent 240-month prison terms for dealing crack cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). Bailey moved under 18 U.S.C. § 3582(c)(2) to reduce those terms on the ground that the United States Sentencing Commission has issued a retroactive amendment lowering the base offense level for some crack offenses. The district court denied his motion and Bailey appeals.

The pertinent amendment, *see* U.S.S.G. App. C, Supp. 2007, amend. 706, pp. 227-31, does not help Bailey. Bailey's drug crimes involved at least 50 grams of crack, and he already had a felony drug conviction, so the mandatory-minimum penalty for his crimes was 240 months. *See* 21 U.S.C. §§ 841(b)(1)(A)(iii), 851. Since Bailey received the statutory minimum, the district court lacked the authority to reduce his sentence further. *See Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007) ("[A]s to crack cocaine sentences in particular, we note [that] . . . district courts are constrained by the mandatory minimums Congress prescribed in the 1986 Act."); *United States v. Black,* 523 F.3d 892, 892-93 (8th Cir. 2008); *United States v. Green*, 532 F.3d 538, 546 n.8 (6th Cir. 2008); *United States v. Harris*, 536 F.3d 798, 813 (7th Cir. 2008) ("While the sentencing guidelines may be only advisory for district judges, congressional legislation is not."); *United States v.* Neal, 46 F.3d 1405, 141 (7th Cir. 1995).

AFFIRMED.